UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:12-CR-28 |
| v. | ) | |
| | ) | |
| CHARLES EDWARD SELF | ) | COLLIER/CARTER |

REPORT AND RECOMMENDATION

A September 3, 2012, letter from the Warden of the Federal Bureau of Prisons, Federal Medical Center in Lexington, Kentucky and both a Competency Report and Sanity Report of defendant were received by the undersigned Magistrate Judge. It is the opinion of the examiner that defendant does not suffer from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense, and that defendant was not suffering from a mental disease or defect such that he was unable to appreciate the nature and quality or the wrongfulness of his actions.

A waiver of competency hearing has been submitted by defendant through Atty. Stephen Goldstein on October 19, 2013 (Doc. 42). The Court hereby RECOMMENDS on the basis of the waiver and the opinion of the medical examiner that defendant be found competent to stand trial.[1]

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).